2012 UT App 64

**STATE of Utah, Plaintiff and Appellee,**

v.

**Gregory Floyd CLENDENIN, Defendant and Appellant.**

**No. 20111100–CA.**

Court of Appeals of Utah.

March 1, 2012.

---

Tate W. Bennett, Fillmore, for Appellant.

Mark L. Shurtleff and Marian Decker, Salt Lake City, for Appellee.

Before Judges DAVIS, THORNE, and CHRISTIANSEN.

## DECISION

PER CURIAM:

¶ 1 Gregory Floyd Clendenin seeks to appeal his conviction of possession of a weapon in a correctional facility. This matter is before the court on its own motion for summary disposition on the basis that this court lacks jurisdiction because there is no final, appealable order.

¶ 2 This court does not have jurisdiction to consider an appeal unless it is taken from a final judgment or order or qualifies for an exception to the final judgment rule. *See Loffredo v. Holt,* 2001 UT 97, ¶¶ 10, 15, 37 P.3d 1070. An order is final only if it disposes of the case as to all parties and "finally dispose[s] of the subject-matter of the litigation on the merits of the case." *Bradbury v. Valencia,* 2000 UT 50, ¶ 9, 5 P.3d 649 (citation and internal quotation marks omitted). "In a criminal case, it is 'the sentence itself which constitutes a final judgment from which the appellant has the right to appeal.'" *State v. Bowers,* 2002 UT 100, ¶ 4, 57 P.3d 1065 (quoting *State v. Gerrard,* 584 P.2d 885, 886 (Utah 1978)).

¶ 3 Clendenin was convicted by a jury of possession of a weapon in a correctional facility on November 16, 2011. However, Clendenin has not yet been sentenced. Accordingly, there is no final, appealable order, and we lack jurisdiction over the appeal. *See id.* When this court lacks jurisdiction, it must dismiss the appeal. *See Loffredo,* 2001 UT 97, ¶ 11, 37 P.3d 1070.

¶ 4 The appeal is dismissed without prejudice to the filing of a timely appeal after the district court enters a final, appealable order.